IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,097-01






EX PARTE JAKE ERIC ALVARADO, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 3012014-A IN THE 147TH

JUDICIAL DISTRICT COURT TRAVIS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to robbery and was sentenced to confinement in prison for a
period of three years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant states that the trial court
indicated on the judgment that he was to receive credit for pre-sentence confinement. 
Specifically, the judgment reflects that Applicant was to be credited for time served from
April 18, 2001 to May 18, 2001, September 19, 2001 to February 6, 2002, and May 20, 2003
to November 14, 2003. This constitutes 351 days. Applicant contends, however, that Texas
prison officials are failing to give him this credit on his three-year sentence.

 The trial court has not made findings of fact and conclusions of law regarding this
claim, and it is this Court's opinion that additional information is needed before this Court
can render a decision on this ground for review, including an affidavit from Texas prison
officials addressing whether the claim has been properly exhausted under Section 501.0081
of the Texas Government Code and whether Applicant has received credit for this time. 
Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.
Crim. App. 1960), the trial court is the appropriate forum. 

 Thus, the trial court shall resolve this issue as set out in Article 11.07, Section 3(d),
of the Texas Code of Criminal Procedure, in that it shall order the Classification and Records
Division of the Texas Department of Criminal Justice to file an affidavit, with supporting
documentation, addressing Applicant's ground for relief. The trial court may also order
depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court may
also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether this claim has been properly exhausted and
whether Applicant has properly been credited with the pre-sentence time indicated in the trial
court's judgment. The trial court may also make any further findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's application for
habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




FILED: March 8, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.